IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| LORINE TAYLOR, | |
|---|---|
| Plaintiff, | |
| v. | Action No. 3:07-CV-792 |
| OCÉ IMAGISTICS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 16) by Océ Imagistics ("Océ"). This Memorandum Opinion explains the Court's ruling from the bench denying the Motion.

1. Background[1]

Lorine Taylor, a black woman, was employed by Océ from January 2000 to April 2005, when she was laid off, allegedly in favor of a younger female employee. Taylor also alleges that she was harassed by one of the company's managers, a white man, after she was told that her employment would be terminated. Thus, Taylor contends, Océ discriminated against her on the basis of her race and age in violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000 et seq., and the Age

---

[1] For the purpose of ruling on this Motion, the Court accepts as true the allegations in Taylor's Complaint.

1

Discrimination in Employment Act of 1967, 81 Stat. 602, as amended, 29 U.S.C. § 621 et seq.

Océ argues that the Court lacks jurisdiction over Taylor's claims because she failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission. In response, Taylor alleges that on December 12, 2005, eight months after she was laid off from Océ, she submitted a "Employment Discrimination Complaint Questionnaire" ("Questionnaire") to the EEOC, alleging that she was discriminated against on the basis of her age and race. The Questionnaire was assigned a charge number, 122-2005-01370, and subsequently the EEOC issued a Notice of Charge of Discrimination to Océ.

2. Standard of review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)[2] is governed by the same standard that applies to a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). Thus, in ruling on a Rule 12(c) motion, a court must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), as well as any facts that could be proved that are consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002). But, the court does not have to accept legal conclusions that are couched

---

[2] Océ's motion is titled "Motion to Dismiss for Lack of Subject Matter Jurisdiction," a defense provided by Federal Rule of Civil Procedure 12(b)(1). But, Océ describes the Motion as one for judgment on the pleadings, which is governed by Rule 12(c). The Court accepts Océ's characterization of its Motion and regards it as governed by Rule 12(c).

2

as factual allegations. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). The court may grant a Rule 12(c) motion only if it "appears beyond doubt" that the party bringing the claim cannot prove any facts that would entitle it to relief. Conley, 355 U.S. at 46; accord Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002).[3]

3. <u>Analysis</u>

Taylor submitted the Questionaire to the EEOC on December 12, 2005, approximately 220 days after her employment was terminated.[4] Since the Questionnaire

---

[3] In its Motion, Océ focuses on whether a different charge of discrimination – one that Taylor allegedly submitted to the EEOC in March 2006, not the Questionnaire – was timely filed. That may be due to the fact that Taylor, who initially represented herself in this matter, did not attach a copy of the Questionnaire to her Complaint, even though she alleged that she "filed a charge with the [EEOC] on December 7, 2005." Compl. at ¶ 9. The existence of the Questionnaire was revealed after Taylor hired an attorney, who provided a copy of the Questionnaire with Taylor's response to Océ's Motion.
   The Fourth Circuit has stated in an unpublished opinion that, in deciding a Rule 12(c) motion, a court may consider only allegations (1) in the complaint; (2) in exhibits that are attached to the complaint pursuant to Federal Rule of Civil Procedure 10(c); and (3) facts that are a matter of public record or have been judicially noticed. See Space Tech. Dev. Corp. v. Boeing Co., 209 F. App'x 236, 239 (2006) (adding that a court may "not consider anything else"). But, the Court must liberally construe an "inartful" pleading by a pro se litigant. Boag v. MacDougall, 454 U.S. 364, 365 (1982). Thus, since one of the allegations in Taylor's Complaint refers to the Questionnaire, and because ignoring the Questionnaire simply because it was not attached to Taylor's Complaint would be inconsistent with Boag, the Court considered the Questionnaire in deciding Océ's Motion.

[4] In her Complaint, Taylor alleges that Océ discriminated against her until April 18, 2005, implying that her employment ended on about that date. In a supplementary pleading, Taylor alleges that she was laid off on April 7, 2005. If either of those dates is correct, then the Questionnaire was timely filed. However, in Delaware State College v. Ricks, 449 U.S. 250, 258 (1980), the Supreme Court ruled, in the context of a claim of wrongful termination by a professor who was denied tenure, that the focus of analysis should be "on the time of the <u>discriminatory act</u>, not the point at which the <u>consequences</u> of the act become painful." Thus, the <u>Ricks</u> Court concluded that the statute of limitations governing the professor's claim began to run on the date when he was denied tenure, not on the date – more than one year later – when his employment actually ended. See id. That ruling suggests that the

3

was timely filed, the issue for the Court to decide is whether the Questionnaire constitutes a timely charge of discrimination.

To recover under Title VII or the ADEA, a person must file a charge of discrimination with the EEOC within three hundred days of the conduct at issue. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA); see White v. BFI Waste Serv., LLC, 375 F.3d 288, 292 (4th Cir. 2004) (noting that the period for filing a charge is three hundred days in a state – like Virginia – whose "law also proscribes the alleged employment discrimination and the plaintiff files [a charge] with a state ... employment discrimination agency ... before filing with the EEOC"). The Supreme Court recently ruled that, in the context of the ADEA, that a filing with the EEOC constitutes a charge if it contains the information required by the agency's regulations, see 29 C.F.R. § 1626.8, and it can reasonably be construed "as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, 128 S.Ct. 1147, 1157–58 (2008). Whether a filing is a request must be determined "from the standpoint of an objective observer." Id. at 1158. Noting that this standard is "permissive," the Court observed that the ADEA (like Title VII) established a process for settling disputes that laypeople were intended to – and typically do – initiate. Id. For that system to work effectively, it must be accessible to people without

---

time for Taylor to file a charge of discrimination with the EEOC began to run when she was informed that she would be laid off, in "February 2005." Pl.'s Compl. at 2. Construing that allegation in the light most favorable to Taylor, see Christopher v. Harbury, 536 U.S. at 406 – i.e., that she learned on the last day of February that she would be laid off, thereby minimizing the time that elapsed before she contacted the EEOC – the Questionnaire was filed 288 days after Taylor learned that she would be laid off.

4

legal expertise. See id. Permitting a layperson to set that process in motion by filing "a form, easy to complete, or an informal document, easy to draft" helps to fulfills the purpose of the ADEA. Id. Moreover, this approach is consistent with the practice of construing pro se litigants' pleadings liberally in the context of formal litigation. Id. Thus, the Court concluded, "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." Id. at 1160.

Accordingly, in Holowecki the Court decided that a filing that (1) contained the names, addresses, and telephone numbers of the aggrieved employee and her employer, an allegation that she was a victim of "age discrimination," the number of people employed by the employer, and a statement that she had not sought help from any government agency about her dispute; (2) included an affidavit asking the EEOC to force the employer to stop engaging in age discrimination constituted a charge. Id. at 1159. The Court reached that conclusion even though the filing was not called a charge, stated that it was intended to facilitate "pre-charge counseling," was not assigned a charge number, and did not prompt the EEOC to notify the employee's employer or initiate proceedings against the employer. Id. at 1161 (Thomas, J., dissenting). Moreover, the Court noted, the fact that the employee subsequently filed a formal charge with the EEOC was irrelevant. Id. at 1160.

The Questionnaire that Taylor filed with the EEOC was drafted in accordance with 42 U.S.C. § 2000e-5 and 29 U.S.C. § 626, the statutes that govern charges of discrimination under Title VII and the ADEA, respectively. The Questionnaire states that if it is "the only

5

timely written statement of alleged discrimination, the [EEOC] will ... consider it to be a sufficient charge of discrimination under the relevant statute(s)." It contains Taylor's name, address, and phone number; Océ's name, address, and phone number; and allegations that Océ discriminated against her. The Questionaire bears a charge number that the EEOC assigned to Taylor's case, and the EEOC subsequently issued a Notice of Charge of Discrimination to Océ – which does not allege that Taylor filed any other documents to prompt the agency to act.

On the basis of these facts, the Court finds that the Questionnaire can reasonably be construed as a request for the EEOC to take action to protect Taylor's rights or to settle a dispute between her and Océ. Accordingly, the Court regards the Questionnaire as a charge of discrimination. Since it was filed within three hundred days of Océ's allegedly discriminatory conduct, the Court has jurisdiction over Taylor's claims.

4. Conclusion

For the reasons stated above, Océ's Motion was DENIED.

It was SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 21st day of May 2008

6